### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>CHRISTOPHER GUERRINO<br>Debtor.<br><br><br>NAVY FEDERAL CREDIT UNION,<br><br>                Plaintiff,<br><br>v.<br><br>CHRISTOPHER GUERRINO<br><br>                Defendant. | Case No. 23-11629-pmm<br>Chapter 13<br><br><br><br><br><br><br>Adversary Proceeding No._____ |

### COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT
### PURSUANT TO 11 U.S.C. §523(a)

Plaintiff, Navy Federal Credit Union, (hereinafter "**NFCU**"), by and through its undersigned counsel of record, hereby complains of Defendant, Christopher Guerrino (hereinafter the "Debtor"), as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Navy is a Federal Credit Union based in Virginia and is incorporated under the laws of the United States.

2.     Debtor resides in the Commonwealth of Pennsylvania.

3.     Jurisdiction exists in this Court in accordance with 28 U.S.C. § 727.

1

4. Venue is proper in this Court in accordance with 28 U.S.C. § 1409.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## CAUSE OF ACTION
### Count I -- Non Dischargeability of Debt Under 11 U.S.C. § 523 (a)(2)

6. On or about May 19, 2023, NFCU and the Debtor entered in a Promissory Note, Security Agreement, and Disclosure (hereinafter "the Note") for the purchase of a 2020 Mazda 3, VIN 3MZBPBDM6LM135608 (hereinafter the "Vehicle").

7. On June 1, 2023, the Debtor initiated proceedings in this court seeking relief under Chapter 13 of the Bankruptcy code.

8. At the time of filing, the principal balance due on the Note was $24,399.00. Interest continues to accrue daily.

9. 11 U.S.C. §523 (a)(2)(A) states, "(a) A discharge under section 727… does not discharge an individual debtor from any debt, (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – (A) false pretenses, a false representation, or actual fraud."

10. 11 U.S.C. §523 (a)(2)(C)(i)(I), states, "for the purposes of subparagraph (A) – (I) consumer debts owed to a single creditor and aggregating more than $500 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable".

11. The Debtor made a representation that he could repay the Note when the Note was executed.

12. When the Debtor purchased the Vehicle, the Debtor knew that they did not intend

2

to repay the Note.

13.   NFCU relied on these representations by entering the Note with the Debtor.

14.   Said representations were made with the intention and purpose of deceiving NFCU.

15.   As a result of the Debtor's actions NFCU suffered a potential loss of $24,399.00.

**WHEREFORE,** Navy Federal Credit Union respectfully requests that this Court grant the following relief:

1.   An order declaring the Debtor's debt to Navy Federal Credit Union non-dischargeable in the amount of $24,399.00 plus interest from the date of the petition at the contract rate of 9.64% per annum.

2.   Reasonable attorney's fees and court costs.

3.   Such other and further relief as the Court may deem just and proper.

Respectfully submitted,
SILVERMAN THEOLOGOU, LLP

*/s/ Douglas R. Blecki, Jr.*
Douglas R. Blecki, Jr., Esq.
11200 Rockville Pike, Suite 520
N. Bethesda, Maryland 20852
Phone: 301-468-4990
Fax: 301-468-0215
bankruptcy@silvermanlegal.com
***Attorney for Navy Federal Credit Union***